977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. BLAIR, Plaintiff-Appellant,
v.
UMWA HEALTH AND RETIREMENT FUNDS, Defendant-Appellee.
 No. 92-5108.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 James W. Blair, a Kentucky resident represented by counsel, appeals a district court order dismissing his lawsuit filed under § 502 of ERISA, 29 U.S.C. § 1132, in which he sought disability benefits from the United Mine Workers of America (UMWA) 1974 Pension Trust. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have waived oral argument.
 
 
 2
 While working in a United States Steel Corporation coal mine in Kentucky, Blair injured his back on September 24, 1984, and has not returned to work since that time. Blair has been receiving workers' compensation benefits in connection with this accident and he was also awarded social security disability insurance benefits by an administrative law judge (ALJ) as of the date of his mine accident.
 
 
 3
 Blair subsequently filed an application for disability benefits under the UMWA 1974 Pension Plan. The UMWA Trustees denied Blair's application for benefits at all administrative levels. The Trustees determined that the evidence did not show that Blair became disabled because of his work-related back injury. In denying Blair benefits, the Trustees primarily relied on the social security ALJ's decision indicating that Blair was disabled due to respiratory and hand impairments.
 
 
 4
 Blair then filed an action seeking judicial review. Both parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of the defendant and dismissed the case, finding the UMWA's decision was not arbitrary or capricious.
 
 
 5
 Blair has filed a timely appeal. He argues that the UMWA's decision is arbitrary and capricious, is not supported by substantial evidence, and that he was not provided a meaningful opportunity for review of the UMWA's decision. Both parties have filed briefs.
 
 
 6
 Upon review, we reverse the district court's judgment. Because the UMWA 1974 Pension Plan gives its Trustees broad discretion in deciding questions of coverage and eligibility for benefits, the standard of review to be applied in this case is whether the Trustees' decision was arbitrary and capricious, not supported by substantial evidence, or contrary to law. See Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir.), cert. denied, 488 U.S. 826 (1988); Odom v. United Mine Workers of Am. Health and Retirement Funds, 687 F.2d 843, 846 (6th Cir.1982); see also Baker v. United Mine Workers of Am. Health and Retirement Funds, 929 F.2d 1140, 1144 (6th Cir.1991) (per curiam). The UMWA's decision to deny Blair disability benefits under the 1974 Pension Plan is not supported by substantial evidence and is arbitrary and capricious. The ALJ's decision, when considered in its entirety, and the medical record in this case, demonstrate that Blair's work-related back impairment contributes to his disability. Therefore, the district court's judgment affirming the Trustees' denial of benefits under the UMWA Pension Trust is hereby reversed and the case is remanded with instructions to order the award of benefits to Blair. Rule 9(b)(3), Rules of the Sixth Circuit.